## Case No. 6,283.

HAZEL v. WATERS et al.

[3 Cranch, C. C. 420.] [1]

Circuit Court, District of Columbia. Dec. Term, 1828.

CONSTABLE'S BOND — ACTION — BREACH — SALE OF REAL ESTATE UNDER FIERI FACIAS — RETURN OF CONSTABLE — WHETHER TRAVERSABLE.

1. In debt upon a constable's bond for not conveying to the plaintiff property alleged to have been sold by the defendant under a fi. fa., the breach is defective in not stating that the execution was levied upon the property, and that the lots were the property of the defendant in the execution, and in not describing the property with sufficient certainty; and is bad, in averring an alternative breach, namely, in not conveying the property to the plaintiff, or in not permitting him to take possession of it.

2. Quaere: Whether a constable who sells real estate under a fieri facias is bound to give a deed to the purchaser: Whether the return of the officer is traversable in a collateral action.

Debt upon a constable's bond. The declaration sets forth the condition and breach thus:—If the said John Waters "shall well and faithfully execute the duties and office of constable in and for the said county of Washington, in all things appertaining to the said office; and shall also well and truly account for and pay over all sums of money received by him; and shall also duly and faithfully perform all the duties and trusts reposed in him, by virtue of the act of congress entitled 'An act to extend the jurisdiction of justices of the peace in the recovery of debts in the District of Columbia'" [3 Stat. 743], then, &c. The breach alleged is, "that whereas a writ of fieri facias, issued by C. H. W. Wharton, Esq., one of the justices of the peace for the county aforesaid, to the said John Waters directed, came to his hands, by virtue of which writ he duly advertised for sale all the right, title and interest of one Joseph Johnson, in and to lot No. 7, and the east part of lot No. 8, and the east part of lot No. 9, in square 455 in the city of Washington, in the county aforesaid; and proceeded to sell to the highest bidder at public auction the said property; at which said sale the said T. Hazel became the highest bidder, and was ready and willing and did offer to comply with the terms of sale mentioned in the advertisement under which the said property was sold, and thereby became the equitable owner of the said property, and was entitled to receive a good and sufficient conveyance of all the right and interest of the said Joseph Johnson in and to the said property; and the said John Waters was bound by the duties of his office, as constable as aforesaid, to make such a conveyance to the said [Zachariah] Hazel; yet the said John Waters, in neglect and contempt, and violation of his duty as such constable, refused to convey the said property to the said Hazel,

or to permit him to take possession of the same, but proceeded to sell and convey, and did actually sell and convey the said property to one J. P. Van Ness, or some other person or persons; by means whereof the said Hazel has been wholly deprived of the possession and enjoyment of the said property and every part and parcel thereof; by means whereof an action hath accrued to the said United States to demand and have, by their attorney, for the use of the said Hazel, the sum of two thousand dollars," &c. Upon the issue of performance, a verdict was rendered for the plaintiff for 53 dollars damages. The defendant moved in arrest of judgment.

C. C. Lee, for plaintiff.
Mr. Wallach, for defendant.

CRANCH, Chief Judge (THRUSTON, Circuit Judge, dissenting). The defendants contend that the declaration does not show a breach of the condition of the bond. The declaration does not state that the defendant Waters levied the fieri facias upon the property sold. If he did not, he had no right to sell it, and the plaintiff Hazel acquired no right to a conveyance or possession of it, and the defendant Waters was guilty of no breach of his bond by not conveying, or by not permitting Hazel to take possession of it. But if the execution had been levied upon the property, and if it had been duly sold by the constable to the plaintiff Hazel, I do not know any law which requires the officer to make a deed. This deed would convey nothing, for no title vested in the officer. The title passes by act of law, consequent upon the facts of lawful seizure and sale under the fieri facias; and notwithstanding the deed, the party claiming under the sale must prove all the facts necessary to show that it was lawfully made; such as the judgment—the execution—the seizure and sale by the proper officer, and the return of the vendee as the purchaser. For if the officer should return another person as purchaser, I doubt whether the return could be traversed collaterally in an action of ejectment brought by the vendee. His remedy, I should think, would be against the officer for a false return.

The declaration states that the interest of Johnson only, in the property, was advertised for sale, but that the property itself was sold. It does not state what interest Johnson had in the property. It might be a reversion only; in which case the vendee would not be entitled to the possession; and, if Johnson was in possession, the officer had no right to turn him out. The vendee must have brought his ejectment. But the averment of the breach is in the alternative, that the defendant Waters either refused to convey to Hazel, or refused to permit him to take possession; it is not certain which. The declaration does not describe the property with suffi-

cient certainty, so that it can be ascertained what it was that the officer refused to convey; "the east part of lot No. 8, and the east part of lot No. 9, in square 455." How much is the east part of a lot? and how is it bounded? The declaration does not state what the terms of sale were, which he offered to comply with, nor how he offered to comply with them, so that the court might judge whether it was such a compliance as required the officer to return Hazel as the purchaser, or as would give him a cause of action against the officer for not conveying the property. The declaration states that Hazel, by the sale, became the equitable owner of the property. If he acquired any right under the sale, it must have been a legal right. If he acquired only an equitable right, his remedy was in equity, and not at law for the penalty of the bond. Again: the declaration states that Hazel became entitled to receive a conveyance of all the right, title, and interest of Johnson in the property, and that Waters was bound to make him such a conveyance; but the breach alleged is, that he refused to convey the property itself.

For these reasons I think the judgment ought to be arrested.

MORSELL, Circuit Judge, concurred, in arresting the judgment; but did not agree that an officer who sells real estate under a fi. fa. is not bound to give a deed to the actual purchaser.

Judgment arrested.